UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ICEE CO ET AL                                    CIVIL ACTION NO. 25-cv-008

VERSUS                                           JUDGE VAN HOOK

JEFF BRANTLEY                                    MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

The Icee Company and J&J Snack Foods Corp. ("Plaintiffs") filed this civil action against former employee Jeff Brantley based on allegations that Brantley was inadvertently overpaid $86,088.96. Before the court is Plaintiffs' unopposed Motion for Default Judgment (Doc. 14). For the reasons that follow, it is recommended that the motion be granted and that the court enter the proposed judgment submitted by Plaintiffs.

### Default Judgment Requirements

A default judgment involves three steps: (1) default, (2) entry of default, and (3) default judgment. N.Y. Life Ins. Co. v. Brown, 84 F.3d 137, 141 (5th Cir. 1996) (citing Fed. R. Civ. P. 55(a)). "A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules. An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." Id. (citations omitted; emphasis in original).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." Nishimatsu Constr. Co., Ltd. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). However, "a defendant's default does not in itself warrant the court in entering a default judgment" because the defendant does not by his default "admit conclusions of law," and there "must be a sufficient basis in the pleadings for judgment to be entered." Nishimatsu Constr., 515 F.2d at 1206. The facts pleaded in the complaint may be supported by testimony at a hearing if needed to "establish the truth of any allegation by evidence." Fed. R. Civ. Pro. 55(b)(2)(C); Wooten v. McDonald Transit Assocs., Inc., 788 F.3d 490 (5th Cir. 2015).

**Analysis**

### A. Jurisdiction, Service, and Entry of Default

When entry of default is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its subject matter jurisdiction. Sys. Pipe & Supply, Inc. v. M/V VIKTOR KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001). Plaintiffs' complaint, the well-pleaded facts of which are admitted via default, set forth a factual basis for the exercise of diversity jurisdiction. Plaintiffs are citizens of Delaware, Tennessee, and New Jersey, Mr. Brantley is a citizen of Louisiana, and the amount in controversy exceeds $75,000.

Personal jurisdiction over the defendant is also required. When a district court lacks jurisdiction over a defendant because of improper service of process, a default judgment is void. Rogers v. Hartford Life & Acc. Ins. Co., 167 F.3d 933, 940 (5th Cir. 1999). Plaintiffs

submitted evidence that Mr. Brantley, a Louisiana citizen, signed a Waiver of the Service of Summons that included his representation that he understood he must file and serve an answer or a motion within 60 days from January 3, 2025, failing which a default judgment would be entered against him.  Doc. 9.  Plaintiffs waited until May 1, 2025, well past the deadline, to file a request for the clerk of court to enter a default.  Doc. 10.  The clerk of court granted the request.  Doc. 11.

**B.  Service of the Motion for Default Judgment**

There was no further action in the case over the next several months.  The court then directed Plaintiffs to file a motion for default judgment.  Doc. 13.  Plaintiffs' motion was accompanied by a certificate that it was served on Mr. Brantley by mailing it to his address in Ringgold and by emailing it to him.

The clerk of court issued a notice of motion setting that allowed Mr. Brantley 14 days to file a response to the motion.  The clerk mailed the notice to Brantley at his last known address in Ringgold.  Doc. 16.  The notice was returned by the USPS with an indication that Brantley's mail forwarding time associated with that address had expired. The clerk of court then mailed the notice to a new Minden address for Brantley that the USPS provided.  Doc. 20.  That mailed item has not been returned, more than 14 days have passed since the second mailing, and Brantley has filed no response to the motion.

**C.  Liability and Damages**

Plaintiffs' complaint alleged that Mr. Brantley was previously employed by Icee as the Vice President of Field Service Operations from October 1, 2019 until June 9, 2023.  Icee

and Brantley mutually agreed to terminate their employment relationship on June 9, and they entered into a Severance Agreement and General Release.

The agreement called for Icee to pay Brantley a severance payment equivalent to 26 weeks of pay at Brantley's base salary. Icee began making biweekly payments to Brantley in the amount of $7,147.08. The final payment should have been made on the next regularly scheduled payday on or around December 22, 2023, but due to a payroll error Icee continued to make biweekly payments to Brantley for a total overpayment of $86,088.96.

A payroll manager emailed Brantley to notify him of the overpayments, but Brantley did not respond. Icee sent Brantley a letter to his last known address and requested that he contact the company to discuss a repayment plan. Brantley did not respond. Yet another letter was sent, and Brantley again did not respond.

The complaint sets forth a count of unjust enrichment under Louisiana law. "A person who has been enriched without cause at the expense of another person is bound to compensate that person." La. Civ. Code art. 2298. "The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less." Id. "A person who has received a payment or a thing not owed to him is bound to restore it to the person from whom he received it." La. Civ. Code art. 2299. These articles have been applied to require an overpaid employee to reimburse the employer, and negligence by the employer is not a bar to recovery. Leftwich v. New Orleans Weddings Mag., 165 So. 3d 916, 923-34 (La. App. 5th Cir. 2014).

Plaintiffs have established subject matter jurisdiction, waiver of service, entry of default, and entitlement to default judgment based on the allegations of the complaint and applicable law.   The proposed judgment that accompanies the motion for default judgment asks only for the sum certain amount of the overpayment, $86,088.96, plus judicial interest from the date of entry of judgment.[1]  It is appropriate, based on the showing made, for the court to enter that judgment.

Accordingly,

It is recommended that Plaintiffs' Motion for Default Judgment (Doc. 14) be granted and that the court enter the proposed judgment that accompanies that motion.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar

---

[1] Federal law governs post-judgment interest in federal cases, including diversity cases, and it is calculated from the date of the entry of the judgment.  28 U.S.C. § 1961(a); Tricon Energy Ltd. v. Vinmar Int'l, Ltd., 718 F.3d 448, 456–57 (5th Cir. 2013).

that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of May, 2026.

Mark L. Hornsby
U.S. Magistrate Judge